**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Shana Crowe,

                Plaintiff,

    v.

Southern Nevada Regional Housing Authority, et al.,

                Defendant.

Case No. 2:26-cv-01396-APG-BNW

**ORDER and REPORT AND RECOMMENDATION**

Pro se plaintiff Shana Crowe brings this lawsuit and moves to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. As a result, her request to proceed *in forma pauperis* will be granted. This Court now screens her complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.   ANALYSIS**

**A. Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Plaintiff alleges she became disabled in 2022 after suffering a stroke. She is a recipient of SSDI and Children's Survivor benefits. In 2023, her total income was approximately $1,400 per month and her rent was approximately $205 per month. As a result, rent in that amount represented 15% of her income, which she states is in compliance with 24 C.F.R. § 5.628.

Around June 2024, the Southern Nevada Regional Housing Authority (SNRHA) reduced her housing voucher from a three-bedroom (3BR) to a two-bedroom (2BR). She informed SNRHA that she is disabled, requires a room for medical equipment, and that her daughter and son serve as her live-in aides. She alleges SNRHA never provided her with any written notice, forms, or documentation regarding the voucher reduction or the denial of a reasonable accommodation, as required by 24 C.F.R. § 982.555, and that all communications were verbal or by email only.

Later that year, Wynn Realty Group reclassified her unit from a 3BR to a 4BR, with the alleged fourth bedroom being a dining room that must be passed through to access the office and laundry area, which she contends was in violation of 24 C.F.R. § 982.401(d)(2)(i).[1] Effective January 1, 2025, her rent increased to $787 per month, representing approximately 44% of her

---

[1] This regulation was amended. It appears the current regulation Plaintiff is referring to is 24 C.F.R. § 5.703.

income, which she maintains is in violation of the 30% cap under 24 C.F.R. § 5.628. She ultimately became homeless as a result of these events.

Plaintiff names the following Defendants: SNRHA, Wynn Realty Group, LLC, HUD, and five unnamed Jane Does. Plaintiff asserts claims under the Americans with Disabilities Act (ADA), Fair Housing Act (FHA), 24 C.F.R. § 5.628, 24 C.F.R. § 982.555, and the Fifth and Eighth Amendments.

### 1. ADA Claim

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of her disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II applies only to public entities. *Id.*

SNRHA is a public housing authority created under Nevada law, *see* Nev. Rev. Stat. § 315.7805, and therefore qualifies as a "public entity" under Title II, which covers "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B). Plaintiff alleges she is disabled, that she disclosed her disability and specific accommodation needs to SNRHA, and that SNRHA reduced her voucher without providing any written notice or process. However, she does not allege facts showing that SNRHA's actions were taken by reason of her disability. To cure this deficiency, Plaintiff must allege in her amended complaint facts connecting SNRHA's conduct to her disability status. The ADA claim against SNRHA is dismissed with leave to amend.

The ADA claim against Wynn Realty Group fails as a matter of law. Title II applies only to public entities, and a private property management company is not a public entity. *See Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003); *Cellular Phone Taskforce v. FCC*, 217

F.3d 72, 73 (2d Cir. 2000). As a result, this Court recommends that the ADA claim against Wynn Realty Group be dismissed with prejudice.[2]

The ADA claim against HUD fails. First, Plaintiff alleges no specific conduct by HUD anywhere in the complaint. More importantly, Title II of the ADA prohibits discrimination by "public entities," which the statute defines as state and local governments and their instrumentalities. *See* 42 U.S.C. § 12131(1). HUD, which is a federal agency, is not included in that definition. As a result, this Court recommends that the ADA claim against HUD be dismissed with prejudice.

### 2. FHA Claim

The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of service or facilities in connection with such dwelling because of a handicap." 42 U.S.C. § 3604(f)(2). Under the FHA, discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to enjoy the dwelling." 42 U.S.C. § 3604(f)(3)(B).

To establish a prima facie case of a refusal to make a reasonable accommodation, a plaintiff must show that: (1) he or she suffers from a "handicap" as defined by 42 U.S.C. § 3602(h); (2) the defendants knew or should reasonably be expected to know of the plaintiff's handicap; (3) the accommodation of the handicap "may be necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such accommodation. *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006); *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997).

---

[2] Plaintiff is advised that unlike Title II, which applies only to public entities, Title III of the ADA, 42 U.S.C. §§ 12181–12189, applies to private entities that own, lease, or operate places of public accommodation. If Plaintiff believes the facts of her case support a claim under Title III against Wynn Realty Group, she may assert such a claim in her amended complaint, identifying specifically what conduct by Wynn Realty Group was discriminatory and how it falls within Title III's coverage.

Plaintiff adequately alleges all four elements as to SNRHA. She alleges she is disabled, that she expressly informed SNRHA of her disability and her need for a larger unit to accommodate her medical equipment and live-in aides, and that SNRHA reduced her voucher from a 3BR to a 2BR. As a result, the FHA claim against SNRHA survives screening.

As to Wynn Realty Group, the claim fails at elements two and four. Plaintiff does not allege that she ever communicated her disability or accommodation needs to it, and she does not allege that it refused a request for accommodation. The only conduct attributed to Wynn Realty Group is the reclassification of a dining room as a fourth bedroom in violation of 24 C.F.R. § 982.401(d)(2)(i), which is a regulatory violation, not a refusal to make a disability accommodation. The FHA claim against Wynn Realty Group is therefore dismissed with leave to amend.

No conduct of any kind is alleged against HUD. To the extent Plaintiff seeks money damages from HUD on her FHA claim, that claim is barred by the doctrine of sovereign immunity and is dismissed with prejudice. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Emrit v. Marion Cnty. Hous. Auth. (MCHA)*, No. 3:16-CV-01854-BR, 2017 WL 743882, at *6 (D. Or. Feb. 23, 2017) (collecting cases). No amendment can cure this deficiency. As a result, this Court recommends this claim be dismissed with prejudice.

To the extent Plaintiff seeks injunctive or declaratory relief against HUD, the current complaint does not identify any specific conduct, policy, or practice by HUD that would support such relief. If Plaintiff elects to file an amended complaint naming HUD as a defendant, she must identify: (1) the specific conduct, policy, or inaction by HUD she challenges; (2) the legal basis for her claim against HUD and the basis for this Court's jurisdiction; and (3) the specific injunctive or declaratory relief she seeks.

### 3. 24 C.F.R. § 5.628—Rent Cap Violation

Plaintiff alleges a violation of 24 C.F.R. § 5.628, which governs the calculation of a tenant's share of rent in HUD-assisted housing programs and provides that a tenant's rent shall not exceed 30% of the family's adjusted monthly income. Plaintiff contends that in January 2025

her rent increased to $787 per month, representing approximately 44% of her monthly income of approximately $1,800, in direct violation of this regulation.

This Court construes this allegation as a claim under 42 U.S.C. § 1983.[3] To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated, and that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's allegations that SNRHA's administration of her voucher resulted in a rent burden exceeding the regulatory cap are sufficient to state a plausible claim against SNRHA at the screening stage.

The § 1983 claim does not extend to Wynn Realty Group or HUD, however. Wynn Realty Group is a private entity and Plaintiff alleges no facts establishing that it was acting under color of state law. The § 5.628 claim under § 1983 against Wynn Realty Group is therefore dismissed with leave to amend.

HUD is a federal agency and § 1983 applies only to persons acting under color of state law—it does not reach federal actors. *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973). This Court recommends that the § 5.628 claim under § 1983 against HUD be dismissed with prejudice.

### 4. 24 C.F.R. § 982.555—Notice Requirement

Plaintiff specifically alleges that SNRHA never provided her with written notice,[4] forms, or documentation of the voucher reduction or the denial of her reasonable accommodation request, as required by 24 C.F.R. § 982.555. This Court construes this allegation as a claim under

---

[3] The D.C. Circuit has held that public housing tenants may sue under § 1983 for violations of HUD housing regulations, reasoning that those regulations create enforceable rights in the tenants they are designed to protect. *Samuels v. District of Columbia*, 770 F.2d 184, 196 (D.C. Cir. 1985). While *Samuels* is not binding Ninth Circuit authority, it is persuasive, and the Ninth Circuit has recognized § 1983 as an available vehicle for claims arising from violations of federal housing statutes and regulations. *See Saxton v. Hous. Auth. of City of Tacoma*, 1 F.3d 881, 882 (9th Cir. 1993) (public housing tenant brought § 1983 claim based on violations of the Housing Act and HUD regulations). Nothing in this order precludes Defendants from making any appropriate challenges.

[4] Plaintiff appears to argue email communication is not sufficient.

42 U.S.C. § 1983. The analysis mirrors that set forth above with respect to 24 C.F.R. § 5.628. The claim is sufficient to survive screening as to SNRHA.

For the same reasons stated above, the § 1983 claim does not extend to Wynn Realty Group, as Plaintiff alleges no facts establishing that it was acting under color of state law. As a result, this Court dismisses this claim with leave to amend.

For the same reasons stated above, this Court recommends that the claim against HUD be dismissed with prejudice, as § 1983 does not reach federal actors as a matter of law.

### 5. Fifth Amendment Claim

To state a Fifth Amendment due process claim, Plaintiff must allege conduct related to the deprivation of a protected liberty or property interest without due process of law. Plaintiff provides no factual allegations in the body of the complaint connecting those constitutional provisions to any defendant's conduct.

Besides the lack of factual allegations, there are other issues worth noting. First, the Fifth Amendment's Due Process Clause restricts the conduct of the federal government, not state or local actors. Because SNRHA is a political subdivision of the State of Nevada, and not a federal actor, it is not subject to Fifth Amendment constraints. As a result, this Court recommends that this claim be dismissed with prejudice.[5]

This Court next turns to HUD. A plaintiff seeking to assert a constitutional claim against a federal actor must proceed under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which recognized an implied damages remedy for certain constitutional violations by federal officers. However, a *Bivens* action lies only against individual federal officers acting in their personal capacity and not against a federal agency. *FDIC v. Meyer*,

---

[5] Constitutional due process and equal protection claims against state and local government entities are instead governed by the Fourteenth Amendment, which is enforceable through 42 U.S.C. § 1983. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978) (local government entities may be sued under § 1983 as "persons" acting under color of state law where an official policy or custom causes a constitutional violation). To state a viable § 1983 claim against SNRHA, Plaintiff must allege that a constitutional deprivation resulted from an official policy, custom, or practice of the authority. *Id*.

510 U.S. 471, 486 (1994) ("[A]n agency of the Federal Government . . . is not amenable to suit under *Bivens*."). Accordingly, this Court recommends that Plaintiff's Fifth Amendment claim against HUD be dismissed with prejudice.

Lastly, Wynn Realty Group is a private entity not subject to direct liability for a Fifth Amendment due process violation. To the extent Plaintiff could pursue a constitutional claim through allegations of collusion with a federal actor, any such claim would face significant obstacles, including the Supreme Court's reluctance to extend *Bivens* remedies to new contexts. *Ziglar v. Abbasi*, 582 U.S. 120 (2017). The current complaint alleges no facts suggesting collusion or joint action between Wynn Realty Group and any federal official. This claim is dismissed without prejudice. If Plaintiff elects to amend, she must allege specific facts supporting collusion or joint action with an identified federal actor, and she must address the availability of a cause of action for any such claim.

### 6. Eighth Amendment Claim

The Eighth Amendment applies in the criminal and custodial context and has no application to the housing circumstances alleged here. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977). This Court therefore recommends that the Eighth Amendment claim against all Defendants be dismissed with prejudice.

### C. Instructions for Amendment

Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. Each claim and the involvement of each defendant must be alleged sufficiently. The Court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents. The amended complaint must identify, for each claim, the specific law or right violated, the specific defendant responsible, and the facts showing how that defendant's conduct harmed Plaintiff. *See* Fed. R. Civ. P. 8(a)(2).

//

//

## II.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the following claims **SHALL PROCEED**:

1. The FHA reasonable accommodation claim against SNRHA.

2. The § 1983 claim based on 24 C.F.R. § 5.628 against SNRHA.

3. The § 1983 claim based on 24 C.F.R. § 982.555 against SNRHA.

**IT IS FURTHER ORDERED** that the following claims be **DISMISSED WITH LEAVE TO AMEND**:

1. The ADA Title II claim against SNRHA.

2. The FHA claim against Wynn Realty Group.

3. The FHA claim against HUD for injunctive relief.

4. The § 1983 claim based on 24 C.F.R. § 5.628 against Wynn Realty Group.

5. The § 1983 claim based on 24 C.F.R. § 982.555 against Wynn Realty Group.

6. The Fifth Amendment claim against Wynn Realty

**IT IS RECOMMENDED** that the following claims be **DISMISSED WITH PREJUDICE**:

1. The ADA Title II claim against Wynn Realty Group.

2. The ADA claim against HUD.

3. The FHA claim against HUD for damages.

4. The § 1983 claim based on 24 C.F.R. § 5.628 against HUD.

5. The § 1983 claim based on 24 C.F.R. § 982.555 against HUD.

6. The Fifth Amendment claim against SNRHA and HUD.

7. The Eighth Amendment claim against all defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and file ECF No. 1-1 on the docket.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, she must do so by June 19, 2026. Failure to do so will mean that only the claims that have survived will move forward.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue a summons to the Southern Nevada Regional Housing Authority.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to: (1) deliver one copy of the summons and (2) one copy of the complaint (ECF No. 1-1) to the U.S. Marshal for service; and (3) mail Plaintiff one blank copy of Form USM-285.

Once Plaintiff receives the USM-285 form, Plaintiff must fill in the last-known address for SNRHA so that service can be effectuated.

**IT IS FURTHER ORDERED** that Plaintiff shall have until June 8, 2026, to send the completed Form USM-285 back to the U.S. Marshal.

**IT IS FURTHER ORDERED** that upon receipt of the completed Form USM-285, the U.S. Marshal shall deliver to the SNRHA a copy of the summons and complaint and effectuate service in accordance with Fed. R. Civ. P. 4(j).

//
//
//
//
//
//
//
//
//
//
//
//
//

**IT IS FURTHER ORDERED** that within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 19, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE